UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

                          :

UNITED STATES OF AMERICA

                          :      12 Cr. 505 (GBD)

       - v.-

                          :

SATNARINE SEEBACHAN,

                          :

          Defendant.

                          :

- - - - - - - - - - - - - - - - X


<u>GOVERNMENT'S REQUEST TO CHARGE</u>


                                        PREET BHARARA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for the United States
                                             of America

Carrie H. Cohen
Rebecca M. Ricigliano
Assistant United States Attorneys
Southern District of New York
     - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -  X
                                  :
UNITED STATES OF AMERICA
                                  :     12 Cr. 505 (GBD)
           - v.-
                                  :
SATNARINE SEEBACHAN,
                                  :
                Defendant.
                                  :
- - - - - - - - - - - - - - - -  X
```

<u>REQUESTS TO CHARGE OF THE UNITED STATES</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully submits the following proposed instructions for the Court's consideration in its charge to the jury.

# TABLE OF CONTENTS

REQUEST NO. 1:      General Requests. . . . . . . . . . . . . . 1

REQUEST NO. 2:      The Indictment. . . . . . . . . . . . . . . 2

REQUEST NO. 3:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: The Statute.. . . . . 3

REQUEST NO. 4:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: Elements of the
                    Offense . . . . . . . . . . . . . . . . . . 4

REQUEST NO. 5:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: First Element--Defendant
                    was Agent of Organization or
                    Government . . . . . . . . . . . . . . . . 5

REQUEST NO. 6:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: Second Element--
                    Organization or Government Received Federal
                    Funds.. . . . . . . . . . . . . . . . . . . 6

REQUEST NO. 7:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: Third Element --
                    Defendant Accepted Something of Value.. . . . 8

REQUEST NO. 8:      Count One - Accepting Corrupt Payments Related
                    to a Federal Program: Fourth Element--
                    Defendant Acted Corruptly in Connection with
                    Transaction . . . . . . . . . . . . . . . . 9

REQUEST NO. 9:      Count One- Accepting Corrupt Payments Related
                    to a Federal Program: Fifth Element -- Value of
                    Transaction.. . . . . . . . . . . . . . . . 11

REQUEST NO. 10:     Venue . . . . . . . . . . . . . . . . . . . 12

REQUEST NO. 11:     Particular Investigative Techniques Not
                    Required [If Applicable]. . . . . . . . . . 13

REQUEST NO. 12:     Accomplice Testimony .. . . . . . . . . . . 14

REQUEST NO. 13:     Immunized Witnesses.. . . . . . . . . . . . 18

REQUEST NO. 14:     Uncalled Witness - Equally Available to Both
                    Sides [If Applicable] . . . . . . . . . . . 20

-ii-

REQUEST NO. 15:     Persons Not on Trial [If Applicable] .. . .  21

REQUEST NO. 16:     Defendant's Testimony [Requested if Defendant
                    Testifies] . . . . . . . . . . . . . . .  22

REQUEST NO. 17:     Defendant's Right Not to Testify
                    [If Requested} . . . . . . . . . . . . . .  23

REQUEST NO. 18:     Stipulations [If Applicable]. . . . . . .  24

REQUEST NO. 19:     Law Enforcement and Government Employee
                    Witnesses.. . . . . . . . . . . . . . . .  25

REQUEST NO. 20:     Character Testimony [If Applicable].. . . .  26

REQUEST NO. 21:     Summary Charts . . . . . . . . . . . . .  27

REQUEST NO. 22:     Variance in Dates ... . . . . . . . . . .  28

REQUEST NO. 23:     Preparation of Witnesses [If Applicable] ..  29

REQUEST NO. 24:     Evidence of Other Criminal Acts
                    [If Applicable].. . . . . . . . . . . . .  30

REQUEST NO. 25:     Right to Hear Testimony; Communications
                    With the Court. . . . . . . . . . . . . .  31

REQUEST NO. 26:     Sympathy: Oath as Jurors. . . . . . . . .  32

REQUEST NO. 27:     Punishment not to be Considered by
                    the Jury . . . . . . . . . . . . . . . .  33

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . .  34

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury

b.   Jury's Recollection Governs

c.   Note-Taking by Jurors

d.   Duty to Base Verdict on Evidence

e.   Improper Considerations

f.   Motions, Objections, and Questions by the Court

g.   Duty to Weigh Evidence Without Prejudice

h.   Government as a Party

i.   Indictment Not Evidence

j.   Burden Of Proof

k.   Presumption Of Innocence

l.   Reasonable Doubt

m.   Guilt is Personal

n.   Evidence

o.   Direct and Circumstantial Evidence

p.   Inferences

q.   Circumstantial Evidence of Knowledge, Willfulness, and Intent

r.   Credibility Of Witnesses

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendant SATNARINE SEEBACHAN is formally charged in an Indictment.  The Indictment, of course, is not evidence, but simply contains the formal charges against the defendant.  The Indictment contains one count.

Count One charges SEEBACHAN with receiving corrupt payments called unlawful gratuities while employed at an agency that receives federal funding, specifically, Bronx Shepherds Restoration Corporation ("Bronx Shepherds").

REQUEST NO. 3

Count One - Accepting Corrupt Payments Related to a Federal
Program: The Statute

Count One of the Indictment charges the defendant with a

violation of Title 18, United States Code, Section 666(a)(1)(B).

This count charges the defendant with soliciting, demanding, or

accepting corrupt payments for the benefit of himself, as an agent

of Bronx Shepherds, an organization that received in excess of

$10,000 in a one year period under a Federal program involving a

grant.  The statute provides:

> Whoever ... being an agent of an organization, or of a
> State, local, or Indian tribal government, or any agency
> thereof ... corruptly solicits or demands for the benefit
> of any person, or accepts or agrees to accept, anything
> of value from any person, intending to be . . .
> rewarded in connection with any business, transaction, or
> series of transactions of such organization, government,
> or agency involving any thing of value of $5,000 or more
> [shall be guilty or a crime].

Count One of the Indictment reads as follows:

[The Court is respectfully requested to read Count One of

the Indictment.]

<u>REQUEST NO. 4</u>

<u>Count One - Accepting Corrupt Payments Related to a Federal
Program: Elements of the Offense</u>

In order to prove the defendant guilty of soliciting, demanding or accepting corrupt payments, as an agent of Bronx Shepherds, an organization that received in excess of $10,000 in a one year period under a Federal program involving a grant, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that at the time alleged in the indictment, defendant was an agent of Bronx Shepherds;

<u>Second</u>, that in a one-year period, Bronx Shepherds received federal benefits in excess of $10,000;

<u>Third</u>, that defendant accepted (*or* agreed to accept *or* solicited *or* demanded) something of value from another person;

<u>Fourth</u>, that the defendant acted corruptly with the intent to be influenced and rewarded in connection with a transaction of Bronx Shepherds; and

<u>Fifth</u>, that the value of the transaction to which the payment related was at least $5,000.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 27A-9.

-4-

REQUEST NO. 5

Count One - Accepting Corrupt Payments Related to a Federal Program
First Element: Defendant was Agent of Organization or Government

The first element the Government must prove beyond a reasonable doubt is that at the time alleged in the Indictment, the defendant was an agent of Bronx Shepherds.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 27A-10.

-5-

<u>REQUEST NO. 6</u>

Count One - Accepting Corrupt Payments Related to a Federal Program
<u>Second Element: Organization or Government Received Federal Funds</u>

The second element the Government must prove beyond a reasonable doubt is that in a one-year period, Bronx Shepherds received federal benefits in excess of $10,000.

To prove this element, the Government must establish that Bronx Shepherds received, during a one-year period beginning no more than 12 months before the defendant committed the acts charged in Count One of the Indictment and ending no more than 12 months after the defendant committed those acts, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistan

The Government is not required to prove that the benefits were paid directly to Bronx Shepherds by the federal government, but it must prove that the funds paid to Bronx Shepherds through an intermediary government did in fact originate as federal benefits. If some of the funds paid to Bronx Shepherds originated with the federal government and some from the state government, it is for you to determine which were federal benefits and that those federal benefits were in excess of $10,000.

The Government does not have to prove that the defendant had the authority to administer these federal benefits.  Nor does the Government have to prove any nexus between the corrupt payments it alleges the defendant solicited, demanded, or accepted and the

-6-

federal funding it alleges Bronx Shepards received.

>Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
>Instr. 27A-11; <u>Sabri</u> v. <u>United States</u>, 541 U.S. 600, 603
>(2004) (stating, in prosecution of city council member
>for accepting bribes from real estate developer, that,
>during the relevant time period, the city council
>administered millions of dollars in federal funds paid to
>the city); <u>see</u> <u>generally</u> <u>id</u>. (holding that no nexus is
>required under Section 666 between the forbidden conduct
>and the federal funds).

<u>REQUEST NO. 7</u>

<u>Count One - Accepting Corrupt Payments Related to a Federal Program</u>
<u>Third Element: Defendant Accepted Something of Value</u>

The third element the Government must prove beyond a reasonable doubt is that the defendant accepted (<u>or</u> agreed to accept <u>or</u> solicited <u>or</u> demanded) something of value as alleged in the Indictment.

The statute makes no distinction between accepting, agreeing to accept, soliciting or demanding a corrupt payment. The mere soliciting or demanding of such a corrupt payment is just as much a violation of the statute as actually receiving one.

It is not necessary that the payment be made directly to the defendant. If the defendant accepted, solicited, or demanded the payment be made to a third party, intending that the defendant be rewarded by the payment, that is sufficient to satisfy this element.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 27A-12.

REQUEST NO. 8

Count One - Accepting Corrupt Payments Related to a Federal Program
Fourth Element: Defendant Acted Corruptly
in Connection with Transaction

The fourth element the Government must prove beyond a reasonable doubt is that defendant accepted (*or* agreed to accept *or* solicited *or* demanded) something of value corruptly and with the intent to be rewarded in connection with some business or transaction of Bronx Shepherds.

To act corruptly means simply to act voluntarily and intentionally with an improper motive or purpose to be rewarded. This involves conscious wrongdoing, or as it sometimes been expressed, a bad or evil state of mind.

Because the defendant is charged with having solicited, demanded, or accepted corrupt payments – that is, with soliciting, demanding, or accepting payments intending to be rewarded for his actions – there is no requirement that the corrupt payments have influenced the defendant in taking any action.  The Government need prove only that there was a link between a thing of value conferred upon the defendant and a specific official act for or because of which he solicited, demanded or accepted the payment. Additionally, if you find that the defendant accepted the payment with the intent to be rewarded for a decision already made, it does not matter that the payment was not accepted, demanded, or solicited until after the transaction occurred.

-9-

In considering this element, remember that it is the defendant's intent at least in part to be rewarded which is important, not the actions of the defendant or Bronx Shepherds. In this regard, it is not necessary that the defendant actually performed the act for which he sought to be rewarded.  It is not even necessary that the defendant had the authority to perform the act at issue.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 16-14 (concerning unlawful gratuities prohibited by 18 U.S.C. § 201), 27A-13; <u>United States</u> v. <u>Bonito</u>, 57 F.3d 167, 171 (2d Cir. 1995) (holding that section 666 prohibits both bribes and gratuities).

<u>REQUEST NO. 9</u>

<u>Count One - Accepting Corrupt Payments Related to a Federal Program</u>
<u>Fifth Element: Value of Transaction</u>

The fifth element the Government must prove beyond a reasonable doubt is that the value of the transaction to which the payment or payments related was at least $5,000.

To establish this element, the overnment must prove that the defendant intended to be rewarded in connection with any business or transaction or series of transactions of Bronx Shepherds involving anything of value of $5,000 or more. If you find that the business or transaction in question had a value of at least $5,000, this element is satisfied.

The Government is not required to prove that the defendant himself received at least $5,000. It is the value of the business or transaction in connection with which the corrupt payment was solicited, demanded, or accepted that is important for the purposes of this element.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 27A-14.

-11-

REQUEST NO. 10

Venue

I have now told you the elements of each charge in the Indictment.  In addition to the elements I have described to you, as to each charge the Government must prove that some act in furtherance of the charge you are considering occurred in the Southern District of New York.  You are instructed that the Southern District of New York includes, among other locations, Bronx, Manhattan, and Westchester Counties.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.  If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant you are considering of the charge you are considering, because he or she has a right to be tried only in a district were the venue is proper.

Adapted from the charge of The Honorable
Loretta A. Preska in United States v. Cespedes,
00 Cr. 390 (LAP) (S.D.N.Y. May 2001); Sand,
Modern Federal Jury Instructions, Instr. 3-11.

<u>REQUEST NO. 11</u>

<u>Particular Investigative Techniques Not Required</u>

[If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from charge of the Honorable Victor
Marrero in <u>United States</u> v. <u>Frank Tejada</u>, 07 Cr.
502 (S.D.N.Y. Nov. 5, 2007).

-13-

REQUEST NO. 12

Accomplice Testimony

You have heard from one or more witnesses who testified that they were actually involved in planning and carrying out the crime charged in the Indictment. There has been a great deal said about these/the accomplice witness[es] in the summations of counsel and whether or not you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and a conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice may be enough in itself for conviction, if the jury believes that the testimony

-14-

establishes guilt beyond a reasonable doubt.

Because of the possible interest an accomplice may have in testifying, however, the accomplice's testimony should be scrutinized with special care and caution.  The fact that a witness is an accomplice can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You may consider whether accomplice witnesses -- like any other witnesses called in this case -- have an interest in the outcome of the case, and if so, whether it has affected their testimony.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped

-15-

that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him/her to lie, or was it one that would cause him/her to tell the truth?  Did this motivation color his/her testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Sand, Modern Federal Jury Instructions, Instr.
> 7-5; from the charge of the Honorable John F.
> Keenan in United States v. Carrero, 91 Cr. 365
> (S.D.N.Y. 1991); and from the charge in United
> States v. Projansky, 465 F.2d 123, 136-37 n.25
> (2d Cir. 1972) (specifically approving charge
> set forth in footnote).  See United States v.
> Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where
> the court points out that testimony of certain
> types of witnesses may be suspect and should

therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).  See also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

REQUEST NO. 13

Immunized Witnesses

You have also heard the testimony of a certain witness who testified under a grant of immunity from this court.  What this means is that the testimony of the witness may not be used against  in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this Court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness.  You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be scrutinized by you with

-18-

great care and you should act upon it with caution. If you
believe it to be true, and determine to accept the testimony,
you may give it such weight, if any, as you believe it
deserves.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 7-8.

REQUEST NO. 14

Uncalled Witness – Equally Available To Both Sides

[If Applicable]

Both the Government and the defense have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); Sand, Modern Federal Jury Instructions, Instr. 6-7.  See generally United States v. Erb, 543 F.2d 438, 444-45 (2d Cir. 1976) (discussing propriety of missing witness charges).

REQUEST NO. 15

Persons Not On Trial

[If applicable]

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that there may be persons who have not been tried as defendants in this case.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

    Adapted from charge of the Honorable Victor
    Marrero in United States v. Adrian
    Agostini, 00 Cr. 237 (S.D.N.Y. Sept. 23,
    2003).

-21-

REQUEST NO. 16

Defendant's Testimony

[Requested If The Defendant Testifies]

The defendant testified at trial. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from United States v. Prince Gaines, 457 F.3d 238 (2d Cir. 2006); and from the charge of the Honorable Denise L. Cote, United States v. Borbon, 05 Cr. 909 (S.D.N.Y. September 25, 2006).

-22-

REQUEST NO. 17

Defendant's Right Not To Testify

[If Requested]

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21; charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007).

REQUEST NO. 18

Stipulations

[If Applicable]

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

> Adapted from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); Sand, Modern Federal Jury Instructions, Instr. 5-6 and 5-7.

-24-

REQUEST NO. 19

Law Enforcement And Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of government.  The fact that a witness may be employed as a law enforcement official or employee of government does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 7-16; from the charge of
> the Honorable Victor Marrero in United States
> v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5,
> 2007).  See United States v. Ouimette, 798
> F.2d 47, 49 (2d Cir. 1986) (as a general
> rule, "it is inappropriate to charge that
> police officers testifying at trial are
> specially interested in the outcome of a
> case").

-25-

REQUEST NO. 20

Character Testimony

[If Applicable]

You have heard testimony that the defendant has a good reputation for honesty in the community where he lives and for truthfulness.

Along with all the other evidence you have heard, you may take into consideration what you believe about the honesty and truthfulness of the defendant when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crimes with which he has been charged.

> Adapted from the charge approved in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991).  [A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal.  United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing").  The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted.  Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand."  Id. at 30.  (citations omitted).]

REQUEST NO. 21

Summary Charts

The Government has presented exhibits in the form of charts and summaries.  These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-12 and 5-13; and from the charge of Honorable Richard J. Sullivan in United States v. Vilar, 05 Cr. 621 (S.D.N.Y. Nov. 13, 2008).  See United States v. Pinto, 850 F.2d 927, 935-36 (2d Cir. 1988) (upholding admission of summary charts and use in jury room during deliberations).

-27-

<u>REQUEST NO. 22</u>

<u>Variance In Dates</u>

You will have noticed that the Indictment refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charge of the
Honorable Michael B. Mukasey in
<u>United States</u> v. <u>Cheng Chui Ping</u>,
94 Cr. 953 (S.D.N.Y. June 14, 2005).

-28-

REQUEST NO. 23

Preparation Of Witnesses

[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adopted from the charge of the Honorable
> Michael B. Mukasey in United States v.
> Abdul Latif Abdul Salam, 98 Cr. 208
> (S.D.N.Y. 1999).

-29-

REQUEST NO. 24

Evidence of Other Criminal Acts

[If Applicable]

There has been evidence received during the trial that SATNARINE SEEBACHAN allegedly engaged in other alleged criminal acts.  Let me remind you that the defendant is only on trial for committing the acts alleged in the Indictment. Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed the crime charged in the Indictment.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.  This other evidence was admitted for a more limited purpose, namely, as potential evidence of a defendant's motive, opportunity, intent, knowledge, plan, and absence of mistake, and to provide background for the alleged conspiracy, and you may consider it for those purposes only.  It may not be considered by you for any other purpose.  Specifically, you may not consider it as evidence that a defendant is of bad character or has a propensity to commit crimes.

Sand, Modern Federal Jury Instructions, Instrs. 5-25, 5-26.

-30-

REQUEST NO. 25

Right to Hear Testimony; Communications with the Court

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits or transcripts of testimony, they will be provided to you.  But please remember that it is not always easy to locate testimony that you might want, so be as specific as you can possibly be in framing any request for testimony or exhibits.

Your requests for exhibits or testimony – in fact, any communication with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands on an issue of the defendant's guilt until after a unanimous verdict is reached.

> Adapted from the charge of the Honorable Kimba M.
> Wood in United States v. Boris Schvartsman, 04 Cr.
> 1368 (KMW) and United States v. Christopher Pryce, 03
> Cr. 1238 (KMW).

<u>REQUEST NO. 26</u>

<u>Sympathy: Oath As Jurors</u>

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 2-12.

-32-

REQUEST NO. 27

Punishment Not to be Considered by the Jury

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.); the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934.

-33-

## CONCLUSION

Your function now is to weigh the evidence in this case and to determine the guilt of the defendant with respect to the charge in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

-34-

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Adapted from the charge of the Honorable
Arnold Bauman in United States v. Soldano,
73 Cr. 167 (S.D.N.Y. 1973).  See also
United States v. Corr, 75 Cr. 803
(S.D.N.Y.), aff'd, 543 F.2d 1042 (2d Cir.
1976).

Date:      New York, New York
           September 3, 2013

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the United States
                          of America


                   By:   /s/Rebecca M. Ricigliano
                         Carrie H. Cohen/Rebecca M Ricigliano
                         Assistant United States Attorneys
                         (212) 637-2264/2486